# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**RONALD DAVID JONES,**

    **Plaintiff,**

**vs.**                                                                 **Case No. 4:20cv57-RH-CAS**

**HEART TO HEART ACADEMY,**

    **Defendant.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a complaint, ECF No. 1, and an in forma pauperis motion, ECF No. 2. Good cause having been shown, the motion is granted and Plaintiff is not required to pay the filing fee for this case.

The complaint, ECF No. 1, has been reviewed to determine if service should be directed. Plaintiff has alleged that after obtaining a substitute teacher's certificate, he was hired by Gadsden County Schools as a substitute teacher. In November 2017, Plaintiff was offered a part-time

position at Heart to Heart Academy. ECF No. 1 at 2. Plaintiff alleges he worked for at least one day, from 9:00 a.m. to 3:00 p.m. After work, Plaintiff received a phone call from Gadsden County Schools informing him that he "could not work in that position" and "would not be paid for that day." Plaintiff alleges a claim for retaliation, although he provides no facts to support that assertion, and he seeks "unspecified monetary damages." *Id.*

Judicial notice is taken that Plaintiff previously initiated case number 4:18cv41-MW-CAS in this Court. In his amended complaint, ECF No. 6, Plaintiff alleged that he was hired by Heart to Heart Academy in November 2017, and after working one day, he received a call from Gadsden County Schools and told that he "could not work in that position." ECF No. 6 at 2 of that case. Plaintiff alleged he was also told he "would not be paid for that day." *Id.* Plaintiff asserted a retaliation claim and sought "unspecified monetary damages." *Id.* at 3. Those are the same claims Plaintiff raises in the instant complaint.[1] ECF No. 1 at 2.

Plaintiff's prior case was dismissed on July 11, 2018, because it failed to state a claim upon which relief could be granted. ECF Nos. 7, 10-

---

[1] Plaintiff's prior action was brought against Heart to Heart and Gadsden County Schools.

11 of that case. Plaintiff sought to appeal that dismissal, but his appeal was dismissed for failure to prosecute. ECF No. 17. Accordingly, the same claim Plaintiff seeks to raise in this case against the same Defendant in this case is, likewise, insufficient. The complaint fails to state a claim and service should not be directed.

Moreover, "[t]he doctrine of res judicata, or claim preclusion, bars the re-litigation of claims that were raised or could have been raised in a prior proceeding." Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 892 (11th Cir. 2013) (cited in McCulley v. Bank of Am., N.A., 605 F. App'x 875, 877 (11th Cir. 2015)). Res judicata bars a successive lawsuit when four elements are met: 1) there was a final judgment on the merits in the first case, (2) the court entering judgment was a court of competent jurisdiction, (3) the parties in the instant case were parties in the prior case, and (4) both lawsuits involve the same causes of action. McCulley, 605 F. App'x at 878 (holding that plaintiffs who brought second lawsuit seeking to enjoin mortgage foreclosure "had a full and fair opportunity to litigate" their claims in the first case and the complaint was properly dismissed on res judicata grounds). All elements are met in this case and, therefore, res judicata also bars this case from proceeding.

Accordingly, it is **ORDERED** that Plaintiff's motion for in forma pauperis status, ECF No. 2, is **GRANTED**.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted and because it is barred by res judicata.

**IN CHAMBERS** at Tallahassee, Florida, on March 26, 2020.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**